# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2644

_____

Thomas Jordan,                          *
                                        *
    Appellant,       * Appeal from the United States
                                        * District Court for the Eastern
  v.                           * District of Missouri.
                                        *
Dave Dormire,                           *  [UNPUBLISHED]
                                        *
    Appellee.         *

_____

Submitted: November 16, 2001

Filed:  November 23, 2001

_____

Before WOLLMAN, Chief Judge, FAGG and BOWMAN, Circuit Judges.

_____

PER CURIAM.

  A Missouri jury convicted Thomas Jordan on two counts of murder and two counts of armed criminal action. Jordan was sentenced to consecutive terms of life imprisonment.  The Missouri Court of Appeals rejected Jordan's direct appeal and denied postconviction relief.  State v. Jordan, 943 S.W.2d 304 (Mo. Ct. App. 1997). The court held the evidence was sufficient to sustain Jordan's convictions, and Jordan did not receive ineffective assistance of counsel when his attorney failed to object to State testimony that Jordan had "squinched eyes," wasn't himself, and might have been a "little high or something" on the night of the crimes.  Jordan then filed a

habeas petition in federal district court raising the same issues. The district court[*] denied Jordan's petition concluding the Missouri Court of Appeal's decision was not contrary to or an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence presented. See 28 U.S.C. § 2254(d) (standard for granting habeas relief). The district court granted a certificate of appealability for us to consider the two issues. Having carefully reviewed the matter, we affirm. First, the child witness's testimony was not so self-contradictory that it was insufficient to support the convictions. Second, even if Jordan's attorney performed deficiently in failing to object to a different witness's testimony about Jordan's possible intoxication on the night of the crimes, the failure to object did not prejudice Jordan because the testimony was not central to the State's case and the attorney effectively cross-examined the witness on the issue.

Accordingly, we affirm on the basis of the district court's ruling. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[*]The Honorable Jean C. Hamilton, United States District Judge for the Eastern District of Missouri.

-2-